# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-60364-Civ-COOKE/HUNT

UNITED STATES, *on behalf of*
*Ronald Freeman*,

      Plaintiff,

vs.

STEVEN T. MNUCHIN, *Secretary*
*of Treasury, in his official capacity,*

      Defendant.

_____/

## ORDER DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISSING CASE

      THIS MATTER is before me on the Emergency Claim for Enforcement of Federal Civil Rights and Temporary Restraining Order ("Claim") (ECF No. 1), Application to Proceed in District Court without Prepaying Fees or Costs (ECF No.3), and Emergency Motion for Temporary Restraining Order (ECF No. 4).[1] Mr. Ronald Freeman ("Plaintiff") brings this action *pro se* in the name of United States pursuant to Federal Rule of Civil Procedure 17(a) to provide relief for the benefit of Ronald Freeman. I have reviewed Plaintiff's filings and the relevant legal authority. For the reasons provided herein, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is denied and Plaintiff's Claim is dismissed.

## I.  DISCUSSION

      A court shall dismiss a case filed *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The facts pleaded in a complaint must state a claim for relief that is

---

[1] On February 16, 2018, I struck the "emergency" designation from Plaintiff's Motion for Temporary Restraining Order because the matter did not give rise to an emergency for purposes of the Court's Local Rule and because Plaintiff did not file the necessary Certification of Emergency. *See* Endorsed Order Striking "Emergency" Designation, ECF No. 5.

plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the "short and plain statement of the claim" in the complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). However, the leniency shown to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds*, *as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 399 Fed. Appx. 563, 565 (11th Cir. 2010) (unpublished) (citations omitted).

Plaintiff's Claim does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Plaintiff's Claim states:

> [T]he UNITED STATES prays that this court issue a writ Ordering Steven T. Mnuchin, as Secretary of the Treasury, and all agents working in concert with him to enforce all of RONALD FREEMAN'S substantive Federal Civil Rights, to perform their ministerial duties and contractual obligations with regard to their physical taking and usage of RONALD FREEMAN'S private property on all public Debt securities issued by Federal, State and local government agencies of the United States or any other securities used as collateral for public funds.

ECF No. 1, 7. Plaintiff goes on to allege Jovita Carranza[2] and Steven T. Mnuchin have each "maintained an unrevoked contractual offer to the general public" and are obligated under the 5th Amendment to justly compensate him for their use of his private property. *Id.* at 2. Plaintiff does not specify what private property Ms. Carranza and Mr.Mnuchin used, but states:

> At a11 times relevant to this complaint RONALD FREEMAN extended his personal credit to Federal, State and local government agencies of the United States that physically took and used his valuable private property within public debt securities deposited into banks as collateral for Legal Tender of the United States, the subject of the securities are his personal, trade and family names.

---

[2] Jovita Carranza is not a named Defendant in this action.

*Id.* at 3. Plaintiff claims that as a direct result of the conduct of the Secretary of Treasury and his agents, he has been made "legally incompetent to enforce and make contracts for the purpose of directly inheriting and holding legal tender due from the United States . . . ." *Id.* at 6. Plaintiff also states he is "unable to enforce any of his rights secured by the first section of the Civil Rights Act of 1866 as a 'black' inhabitant in any of the State or local courts" because he "expressly rejects any and all contractual offers to enforce the 14th amendment of the United States Constitution for his benefit, as said amendment confers no substantive rights to him or any other person." *Id.* at 5.

Putting aside the fact that Plaintiff has not cited a federal statute allowing him to bring an action in the name of the United States as per Rule 17(a)(2), the twenty paragraphs set forth in the Claim do not collectively establish, or put Defendant on notice, of any viable causes of action Plaintiff intends to pursue. Plaintiff's Claim is incoherent and does not include a short and plain statement of the grounds for this Court's jurisdiction. What is more, the Federal Rules of Civil Procedure "abolished" writs of mandamus and now direct parties to file an "appropriate action or motion" where similar relief is available. Fed. R. Civ. P. 81(b). Accordingly, I find that Plaintiff's Claim for Enforcement is frivolous and does not contain "an arguable basis in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. CONCLUSION

For the aforementioned reasons, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 3) is **DENIED**. Plaintiff's Emergency Claim for Enforcement of Federal Civil Rights and Temporary Restraining Order (ECF No. 1) is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk of Court shall **CLOSE** this matter.

**DONE and ORDERED** in Chambers, Miami, Florida, this 23rd day of February 2018.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Ronald Freeman*, pro se